787 F.2d 591
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOSEPH BRAXTON McKINNEY, Petitioner-Appellant
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 85-3389
 United States Court of Appeals, Sixth Circuit.
 3/12/86
 
 AFFIRMED
 S.D.Ohio
 ORDER
 BEFORE: KENNEDY and RYAN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 McKinney appeals pro se from the district court's order denying his motion to vacate. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 McKinney pled guilty to one court of counterfeiting and received a seven year sentence. His motion to vacate alleges that there were two errors in the pre-sentence report: that he possessed a derringer at the time he was arrested, and that the amount of printed counterfeit money involved in the case was $225,000. As evidence in support of his claim, he points to the search warrant which does not list the derringer or any amount of counterfeit bills taken at the time of his arrest.
 
 
 3
 The general rule is that a defendant cannot be sentenced based on information that is materially false. United States v. Tucker, 404 U.S. 443, 446-47 (1972); Townsend v. Burke, 334 U.S. 736, 740-41 (1948). The search warrant is some evidence in support of McKinney's position concerning the derringer because it is logical that the derringer would have been listed on the return of warrant. However, the statement of the Secret Service agents in the pre-sentence report indicates that McKinney and his wife cooperated in the recovery of the $225,000 worth of counterfeit bills. Clearly, this recovery would have taken place subsequent to the time of arrest, and the search warrant is not evidence that the $225,000 figure is false.
 
 
 4
 Moreover, even though McKinney has presented some evidence that the statement concerning the derringer is false, this issue is not material. The pre-sentence report indicates that McKinney had a prior conviction for carrying a concealed weapon. Therefore, the statement concerning the derringer would merely be cumulative evidence about McKinney's character and would not be material. So both of McKinney's arguments are without merit.
 
 
 5
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.